IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

AIDAR NAFIKOV PETITIONER

V. CIVIL ACTION No. 5:26-CV-416-DCB-BWR

BRIAN ACUNA
in his official capacity
as Field Office Director
of the New Orleans Field
Office, U.S. Immigration
and Customs Enforcement
and RESPONDENTS

RAFAEL VERGARA
in his official capacity
as Warden of the Adams
County Correctional
Facility, Natchez,
Mississippi

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") [ECF No. 9] of the United States Magistrate Judge entered herein on September 30, 2026, in this action brought pursuant to 28 U.S.C. § 2241 and Petitioner's Motion for Extension of Time [ECF No. 10]. In the Report, Judge Rath recommended that Nafikov's Petition [ECF No. 1] be dismissed without prejudice because his detention while his removal proceedings are ongoing is statutorily mandated and does not violate the Fifth Amendment's Due Process Clause. Petitioner, although represented by counsel, filed a pro se Motion for Extension of Time with pro se Objections attached on October 15, 2026. See [ECF No. 10-1]. Objections were due in this case

on October 13, 2026. Nevertheless, because Nafikov signed his objections and deposited them into the facility's legal mail system on October 13, 2026, the Court will accept them as timely filed.[1]

When a party objects to a Report and Recommendation, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Gust, 921 F.2d 620, 623 (5th Cir. 1991)(party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. However, the Court is not required to make new findings of fact in order to conduct a de novo review, Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to "reiterate the findings and conclusions of the magistrate judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider "[f]rivolous, conclusive or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner

[1] See Houston v. Lack, 487 U.S. 266 (1988) (announcing a "prison mailbox rule" whereby a pro se prisoner's court document is deemed timely filed on the date that a prisoner delivers it to prison authorities for mailing, rather than on the date it is received by the district court clerk). Although Nafikov is not a convicted "prisoner," he is currently detained and, like a prisoner, is dependent on the facility for his mail access and delivery.

merely re-urges arguments contained in the original petition. Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993).

The Court has reviewed the Petition [ECF No. 1], Petitioner's Objection to the Report [ECF No. 10-1], and the related filings. The Court observes that Nafikov, a native and citizen of Russia, entered the United States at the United States-Mexico border with his wife and children. Nafikov and his family were initially referred to Immigration Customs Enforcement ("ICE") and Removal Operations Senior Leadership to be enrolled in the Alternative to Detention program, but were later taken into ICE custody. An Immigration Judge subsequently denied Nafikov's applications for asylum and withholding of removal and ordered him removed to Russia. Nafikov's appeal of that decision is still pending before the Board of Immigration Appeals.[2]

Briefly and broadly stated, Nafikov's objections are as follows: (1) Petitioner argues the Report errs in that it holds Petitioner has no procedural rights outside of those statutorily established; (2) Petitioner asserts the Report errs in holding that absence of a statutory time limit to detention answers the constitutionality of the detention; (3) Petitioner states the Report errs in characterizing Petitioner's interest as a lesser

[2] See EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 24, 2026).

interest; (4) Petitioner contends the Report errs in concluding there is a reasonable purpose to his detention and new evidence should be considered; and (5) Petitioner alleges the Report errs in concluding Petitioner's case does not raise the question in the en banc Fifth Circuit case Sosnava Rodriguez v. Ortega, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026). Upon consideration, the Court adopts Judge Rath's findings and conclusions in full.

As an initial matter, the Court finds that Nafikov's objections re-urge the arguments set forth in his original petition. See [ECF No. 1]; see also Collins, 8 F.3d at 293. That is, Nafikov asserts in both his Petition and objections that his detention is prolonged and thus unconstitutional under the Fifth Amendment's Due Process Clause, and that Petitioner is entitled to a bond hearing. To the extent Petitioner challenges the Report's application of current precedent, the Court finds the Magistrate Judge did not err. As such, Nafikov's objections are overruled.

Additionally, looking specifically to Petitioner's fourth objection, the Court construes Nafikov's suggestion that "new evidence should be considered" as a request to supplement the record. Having considered this, the Court finds that an objection is not the proper medium by which to make such a request, and therefore this objection is overruled.

Moreover, since Judge Rath entered his Report and Recommendation, the Fifth Circuit Court of Appeals has entered a decision in Sosnava Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc). This opinion reiterated Judge Rath's conclusion: that Petitioner's detention while his removal proceedings are ongoing does not violate the Fifth Amendment's Due Process Clause. "Because Petitioner[ ] ha[s] never been admitted to the United States, due process does not entitle [him] to additional proceedings beyond what Congress has provided before [he] may be detained pending removal." Id. at *5. "And even granting that such a challenge is possible, the facts Petitioner[ ] seek[s] to prove at [his] bond hearing[ ] are irrelevant to detention under § 1225(b)(2)(A), such that the absence of those hearings did not render [his] detention constitutionally defective." Id.

To the extent Petitioner argues that his detention is prolonged such that it violates the Fifth Amendment's Due Process Clause as applied to him, Sosnava Rodriguez rejected a "six-month timeframe as a hard limit on pre-removal detention," submitting that the pertinent question is whether removal is practically attainable. Sosnava Rodriguez, 2026 WL 3181188, at *13 (emphasis in original). The Fifth Circuit said, however, that it "d[id] not dismiss the idea that distinct due process questions might arise" if a petitioner's "detention no longer served its immigration

purpose or if" the petitioner's "removal proceedings were used as a façade 'to incarcerate [ ] for other reasons.'" Id. (quoting Demore v. Kim, 538 U.S. 510, 533 (2003) (Kennedy, J., concurring) and Banyee v. Garland, 115 F.4th 928, 934 (8th Cir. 2024)). The Fifth Circuit "d[id] not address those questions" because the Sosnava Rodriguez petitioners did "not challenge[ ] the duration of their detention as unconstitutional; nor . . . assert[ ] that their removal [was] 'no longer practically attainable.'" Id. (quoting Zadvydas v. Davis, 533 U.S. 678, 690 (2001)).

The Fifth Circuit pointed to Justice Kennedy's concurrence in Demore, and the Eighth Circuit Court of Appeals' decision in Banyee as guidance for determining what constitutes a façade to incarcerate for reasons other than removal. Id. In his Demore concurrence, Justice Kennedy opined that, "[w]ere there to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons." Demore, 538 U.S. at 532-33 (Kennedy, J., concurring). Justice Kennedy concurred after concluding that incarceration for other reasons was "not a proper inference . . . either from the statutory scheme itself or from the circumstances [in Demore]." Id. at 533.

In Banyee, the Eighth Circuit concluded that a detainee's year-long, pre-removal detention did not violate the Fifth Amendment's Due Process Clause where there had been no "'dilatory tactics' by either side," but "back and forth rulings, plus general administrative backlogs, were to blame for [the petitioner's] lengthy detention." Banyee, 115 F.4th at 934. Banyee said, "[n]or is it a problem that the jail the government used also housed criminals. It takes more to turn otherwise legal detention into unconstitutional punishment." Id. (referencing Bell v. Wolfish, 441 U.S. 520, 537 (1979)).

In sum, the length of Petitioner' detention does not determine its legality. Id. at 932. "The why . . . is more important than how long." Id. Petitioner has not alleged, nor provided evidence, that his removal proceedings are a façade to detain him for reasons other than his removal. That Petitioner's detention is lengthened due to "general administrative backlogs" does not prove unconstitutional punishment. In just the last five years, immigration cases have increased 104%, from 1,694,255 cases in 2021 to 3,469,569 in the third quarter of 2026. See EOIR Adjudication Statistics, Dep't of Just. (last updated July 24, 2026).

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that Nafikov's Petition [ECF No. 1] is hereby denied and dismissed without prejudice because Petitioner's detention while his removal proceedings are ongoing is statutorily mandated and does not violate the Fifth Amendment's Due Process Clause. Consequently, the Report and Recommendation [ECF No. 9], as amplified by Sosnava Rodriguez, 2026 WL 3181188, at *1, is adopted as the opinion of this Court. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 25th day of November, 2026.

/s/ David C. Bramlette
David C. Bramlette III
UNITED STATES DISTRICT JUDGE